The INDIANA STATE PRISON AND STATE EMPLOYEES APPEALS COMMISSION, Appellant (Respondent Below),

v.

William VAN ULZEN, Appellee (Petitioner Below).

No. 73S04–9112–CV–986.

Supreme Court of Indiana.

Dec. 12, 1991.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellant.

Jonathan L. Birge, Mary Beth Claus, Bingham Summers Welsh & Spilman, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

When the Indiana State Prison cancels instructional classes for inmates during an emergency lockdown, does the warden violate state law by temporarily assigning a teacher to non-educational duties such as answering the telephone, taking messages, and other tasks commonly performed by employees in lower job classifications? We conclude that the law permits such temporary assignments to different work at the same rate of pay. It is a decent alternative to laying off an employee without pay for the duration of the lockdown.

### Facts

William Van Ulzen is an employee in the State's classified service. For more than eleven years, he has taught vocational drafting to inmates at the Indiana State Prison in Michigan City.

On occasion, prison authorities find it necessary to institute emergency "lockdowns" of the facility, during which most prisoners are confined to their cells. Oftentimes a lockdown is instituted to reduce tension between rival factions within the inmate population.

Because the inmates are confined to their cells, classes are not held. Thus it has been a longstanding policy to use non-uniform personnel, including teachers such as Van Ulzen, to fill in temporarily for correctional officers who are dealing with the lockdown by searching cells, "shaking down" prisoners for contraband, and so on.

For four days during a lockdown in March 1987, Van Ulzen answered phones and took messages for prison personnel. He also escorted inmates to the visiting area and operated a security door to an office area. Van Ulzen objected to duties which he thought unduly dangerous, and his wishes were accommodated. Record at 129, 132.[1] He nonetheless filed a series of grievances objecting to the prison's practice of temporarily assigning him work beneath his job classification during emergency lockdowns.

The State Employees Appeals Commission held a hearing on Van Ulzen's complaint. The hearing officer entered recommended findings of fact and conclusions of law and recommended that summary judgment be entered in favor of the prison.

---

1. It was proper and important to avoid placing an employee in situations more dangerous than he might be trained to handle. The record reveals Van Ulzen to have been supervised by a guard anytime he escorted inmates to the visitation area. For the most part, the temporary duties described in Van Ulzen's complaint were routine and clerical in nature. Moreover, regular contact with prison inmates was a part of Van Ulzen's job as a teacher.

The Commission accepted the hearing officer's recommendation and entered summary judgment against Van Ulzen.

Van Ulzen petitioned for judicial review. After hearing argument on the petition, the Shelby Circuit Court entered findings of fact and conclusions of law. It entered judgment in favor of Van Ulzen, declaring the reassignment policy unlawful and ordering the State to discontinue the policy. The State appealed, and the Court of Appeals affirmed. *Indiana State Prison and State Employees' Appeals Comm. v. Van Ulzen* (1991), Ind.App., 567 N.E.2d 1164. The State seeks transfer. Because the case poses an important question of public policy regarding state personnel managers' ability to deal flexibly with crisis situations, we grant transfer.

### Analysis

■■■ Our point of departure for analyzing Van Ulzen's claim is the "common place legal maxim that no one has a right to continued public employment." *Blackwell v. Cook,* 570 F.Supp. 474 (N.D.Ind. 1983).[2] This rule covers Van Ulzen, who has no right to continued employment at the prison if there are no classes to teach. *See* Ind.Code § 4-15-2-32(a) (West 1991) ("An appointing authority may lay-off employees in the classified service whenever it is deemed necessary, *due to shortage of work* ...") (emphasis added).

Van Ulzen does, however, as a State merit employee, enjoy the protections of the State Personnel Act (Ind.Code § 4-15-2-1 et seq.) (West 1991), which governs the appointments, promotions, demotions, transfers, layoffs, removals and discipline of state employees. His due process pro-

tections in the event of demotion or dismissal are codified at Ind.Code §§ 4-15-2-24 and 4-15-2-34. Section 24 provides in pertinent part:

> An appointing authority may at any time assign an employee from one position to another position in the same class or rank in his division of the service ... Any change of a regular employee from a position in one class to a position in a class of a lower rank shall be considered a demotion and shall be made only in accordance with the procedure prescribed by section 34 of this chapter.

The trial court and Court of Appeals relied on this statute to hold that Van Ulzen's temporary assignment was a demotion which required compliance with all the procedures prescribed for dismissing a merit employee.[3] We disagree, and hold that a temporary assignment such as the one involving Van Ulzen does not constitute a "change" of sufficient weight to be treated as a demotion. While the statute does say *any* change to a lower rank shall be considered a demotion, we find it impossible to conclude that the legislature ever could have intended a system so inflexible in its application that it precludes someone from temporarily having to answer the phone during a prison lockdown.

■■ The changes from which State employees enjoy limited protection are more permanent in nature. The permanency of "dismissal," for instance, is self-evident. Van Ulzen was, of course, not dismissed. He returned to teaching when the lockdown was over—the best evidence of the temporary nature of his assignment. Likewise, "demotion" carries badges of permanence not present in Van Ulzen's tempo-

---

**2.** This maxim is subject to exception, the most noteworthy being federal constitutional due process claims which depend on having a state-recognized property right in continued employment. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

**3.** Ind.Code § 4-15-2-34 reads:
"An appointing authority or his designee may dismiss for cause any regular employee in his division of the service. No dismissal of a regu-

lar employee shall take effect, unless, at least ten (10) days before the effective date of the dismissal, the appointing authority or his designee gives to the employee a written statement of the reasons for the dismissal and files a copy of the statement with the director. The employee shall have an opportunity to file with the appointing authority a written statement regarding the proposed dismissal, a copy of which shall be filed with the director. A regular employee who is dismissed shall have the right to appeal under section 35 of this chapter."

Section 24 requires the same due process for demotions.

rary assignment to other duties. Demotion contemplates a pay cut. *See* 31 IAC 2-1-1(u) ("'Demotion' means a change of a regular employee from one (1) class to another class having a lower maximum salary rate.") Van Ulzen's pay was not reduced during the handful of days he was asked to perform clerical duties. "Demotion" also connotes disciplinary action in its common usage. There are no allegations that Van Ulzen was being disciplined in any way during the lockdown. Finally, as further evidence of the legislature's intent to protect State employees from more permanent injury, we note that the procedural safeguards to ensure fair demotions are the same as those in place to protect employees from unfair dismissal. Ind.Code §§ 4-15-2-24, 4-15-2-34.

Like any plaintiff, Van Ulzen carries the burden of proof. It is his burden to demonstrate that the prison could *not* lawfully do what it did; the prison need not prove that it could. Because classes were cancelled during the emergency at the prison, there was no work of the type usually performed by Van Ulzen and the warden could simply have laid him off during the lockdown. Ind.Code § 4-15-2-32. Because the warden chose instead to continue to employ Van Ulzen does not mean that Van Ulzen was "demoted." He cannot under these circumstances demonstrate that he comes within the purview of the demotion rules.

### Conclusion

Because Van Ulzen's temporary assignment during the lockdown did not constitute a demotion, his claim that the prison acted unlawfully is without merit. We are hard-pressed to imagine a situation where a modicum of flexibility is more in order. The decision of the Court of Appeals is vacated. The trial court is reversed and its order dissolved.

DeBRULER, GIVAN and DICKSON, JJ., concur.

KRAHULIK, J., not participating.